William Hepp, Respondent, *v.* Charles Tyler, Appellant.

(County Court, Onondaga County, December, 1914.)

Justice of the peace — when not abuse of discretion for justice to deny motion by defendant's attorney for adjournment — depositions — Code Civ. Pro. § 2942.

It is not an abuse of discretion for a justice of the peace to deny a motion made by defendant's attorney for an adjournment for substantially ninety days to enable his client who was out of the state and a material witness to return and be present at the trial.

Whether the defendant's attorney should not have taken out a commission for the examination of his client, *quaere?*

Under section 2942 of the Code of Civil Procedure a justice of the peace may upon the request of either party to an action require the adverse party to exhibit his account on demand and in case of default of the party so to do may preclude him from giving evidence.

In an action in Justice's Court brought for the wrongful killing of plaintiff's geese by defendant's dog, defendant is not entitled to a bill of particulars of plaintiff's evidence relative to a *scienter*.

Whether section 2942 of the Code of Civil Procedure, requiring that items of the plaintiff's claim in Justice's Court be exhibited, relates to actions of tort, *quaere*

**122**          Hepp *v.* Tyler.

APPEAL from a judgment in favor of the plaintiff entered in Justice's Court upon a verdict of a jury. This action was brought for the wrongful killing of .geese belonging to the plaintiff by the defendant's dog. The answer was a denial.

Waldo Weston, for appellant.

James K. Kennedy, for respondent.

Ross, J.   The appellant claims that the justice of the peace committed reversible errors upon the trial of the case.   One of his claims is the refusal to give the defendant an adjournment for substantially ninety days to enable his client who was out of the state, and a material witness, to return and be present at the trial.   I do not think that there was any abuse of the discretion possessed by the justice of the peace in this regard in refusing the defendant the adjournment; this in view of the fact that the material witness was a party, and the length of the adjournment desired. Had the defendant sought a brief adjournment its refusal undoubtedly would have been erroneous, but a party who absents himself from the trial of a case in Justice's Court, in which he is a party, for the maximum statutory period for which an adjournment can be granted, is not entitled to an adjournment, but at best such adjournment is a privilege which rests in the discretion of the justice.   And also *quære,* whether the defendant should not have taken out a commission for the examination of his client.

The appellant also claims that the justice committed error in allowing evidence after the omission of the appellant to furnish a bill of particulars, which had been demanded.   In this connection it is interesting to note the difference in the language in section 2942 which relates to actions in Justices' Courts and sec-

tion 531, applicable to a demand for a bill of particulars in courts of record.    In the former section the matter seems to rest entirely in the discretion of the justice of the peace.    He may, upon the request of either party, require the adverse party to exhibit his account, on demand, and in case of the default of the party to do so *he may* preclude him from giving evidence.    While in section 531, relating to courts of record, upon demand of a party the adverse party *must deliver*, etc., and in the event of his failure he *is precluded* from giving evidence of the account. ''And in case of default the court *shall* preclude him from giving evidence, etc.''    In other words, the provision relative to giving a bill of particulars in Justice's Court is in harmony with the informal nature of the proceedings in that court.    In point of fact the parties frequently are neighbors and except in the case of a running account involving many items the specific claim sued on is frequently as well known to one party as the other.    But, in addition to this, in the case under consideration the plaintiff was required to show the killing of the geese, that the dog belonged to the defendant, and a *scienter;* and the only matters which the plaintiff could have been required to indicate in his bill of particulars under the strictest construction would have been the claim that he made as to the number and value of the geese killed, and the date. The number and the value of the geese killed are specifically set forth in the complaint.    The date is stated to be on or about the 27th day of October, 1912, and the plaintiff testified that he followed the dog to Tyler's home and got Mr. Tyler up and told him about his dog killing the witness' geese and that the defendant and his son came over in the morning and that he showed them the geese so that the defendant was fully informed as to the claim of the plaintiff in this regard.

The learned counsel for the appellant seems to think that he was entitled to a bill of particulars of the plaintiff's evidence relative to a *scienter*. This he was not entitled to under any rule of evidence. This was the plaintiff's evidence to prove his case.

· But in addition to the foregoing, while it is not necessary to determine the matter, I have serious doubts as to whether section 2942, requiring items of the plaintiff's claim in Justice's Court be exhibited, relates to actions of tort. The real issue in this case was the question of the ownership of the dog that killed the plaintiff's geese. This question of fact was passed upon by a jury of men, practically neighbors of both parties, and their verdict is based upon sufficient evidence to sustain their finding. It is the policy of the law to quiet litigation of this sort. The parties have had their day in court and the law relative to procedure in Justice's Court must be liberally interpreted to sustain a judgment, especially when the amount involved is small and when the result arrived at does not shock our sense of justice.

Judgment affirmed, with costs.